# Green *v.* The State

*Manslaughter.*

(Decided Jan. 20, 1910. 51 South. 734.)

1. *Charge of Court; Argumentative Instructions.*—In a homicide case charges are argumentative and properly refused which assert that the jury may consider the size of the deceased as a circumstance relative to the amount of force used by defendant to save his own life, if they believe that deceased had cut defendant with a razor and was pursuing him with the same; that deceased could make but one dying declaration and if such declaration was described by the state's witnesses differently as to the manner in which defendant shot deceased, then that is a circumstance tending to im-

peach the testimony of such witness as to what deceased said as showing the manner in which he claimed to have been killed; and that if the jury believed that one state witness did not corroborate or substantiate the testimony of another state witness as to the manner in which the killing took place, then that was a circumstance tending to impeach the testimony of such witness as it would be impossible to say which of them detailed the alleged dying declaration as it occurred, if in fact, it did occur.

2. *Same; Flight.*—A charge asserting that · if the jury believed that the defendant did not willfully, deliberately and premeditatedly and with malice shoot the deceased, then the fact of his flight would not be a circumstance to be weighed against him, was clearly erroneous.

3. *Homicide; Self-Defense; Instruction.*—Charges predicating an acquittal on the doctrine of self-defense which failed to hypothesize the honesty of defendant's belief in his peril at the time are erroneous.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Albert Green was convicted of manslaughter, and he appeals. Affirmed.

The following charges were refused to the defendant: "(4) If the jury believe from the evidence that the defendant, before firing the fatal shot, was being pursued by the deceased with a razor, and that she had previously cut him with it, and that he fired the fatal shot under circumstances which were to a reasonable mind sufficient to create the belief that he was about to be again cut by her with a razor, and that as a consequence he would suffer great bodily harm or death, then they must not find him guilty, providing he was free from fault in bringing on the difficulty. (5) If the jury believe from the evidence that the defendant did not willfully, deliberately, premeditatedly, shoot Martha Garner with malice, then the fact of his flight would not be a circumstance to be weighed against him. (6) The court charges the jury that they may take into consideration the size of the deceased, and her weight, as a circumstance for their consideration as to the amount of force necessary to be used by the defendant in order to save

[Green v. The State.]

his own life, if they believe from the evidence that she had cut him with a razor, and was pursuing him with the same razor. (7) If the jury believe from the evidence that the defendant just previous to the firing of the fatal shot had been cut by the deceased with a razor, and that she was following him in a threatening attitude, indicative of cutting him again with a razor, and inflicting upon him great bodily harm, then he had the right to anticipate such an assault, and fire, providing he was free from fault in bringing on said difficulty, and could not have retreated without increasing his peril. (8) If the jury believe from the evidence that the defendant was about to leave the company of the deceased, and that she believed he was going to visit another woman, and through jealousy or any other cause attacked the defendant with a deadly weapon, and that the attack was of such a character that it produced on his mind a reasonable apprehension of great bodily harm, and that he fired, not with a previously formed design to take her life, but with a view of preserving his own, then in that event he would not be guilty, providing there was no reasonable room of escaping the threatened injury, except by increasing his peril, and, further, that he did not provoke or bring on the difficulty. (9) The court charges the jury that a deceased can make but one dying declaration, and if such dying declaration is described by the state's witnesses, as to the manner in which the defendant shot the deceased, differently, then this is a circumstance tending to impeach the testimony of said witnesses as to what the deceased said as to how she was killed, and the manner in which she claimed to be killed. (10) If the jury believe from the evidence that the witness for the state Eliza Allen does not corroborate or substantiate the testimony of Sally Ashley, or the testimony of said last wit-

ness does not corroborate or substantiate the testimony of the said Eliza, as to the manner in which the killing took place, then this is a circumstance tending to impeach the testimony of both of said witnesses, as it would be impossible to say which of said witnesses detailed said alleged dying declaration as it occurred, if in fact it did occur."

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.—Counsel discuss charges refused and conclude that they were requested in bulk and that several are argumentative or otherwise erroneous, and hence, the court will not be put in error for refusing them.— *Welch v. The State,* 27 Ala. 1; *Jones v. The State,* 96 Ala. 103.

McCLELLAN, J.—The conviction was of manslaughter in the first degree. Self-defense was the justification offered. The deceased was a woman, with whom, it seems, the prisoner had for some time associated. The only possible questions for review arise out of the refusal to defendant of special charges numbered from 4 to 10, inclusive.

Those numbered 6, 9, and 10 were each argumentative, if not otherwise faulty. They were well refused. Those numbered 4, 7, and 8 each pretermitted, in hypothesis, the defendant's honesty of the belief of his peril at the time the fatal shot was fired by him. They may have other vices. That numbered 5 was variously faulty. One of its vices, to be stated, was sufficient to justify the court in its refusal. Its effect was to exclude from the jury's consideration the evidence of defendant's flight, unless the jury found from the evidence that the shooting of deceased was done willfully, de-

[Lewis v. The State.]

liberately, premeditatedly, and with malice. Flight is, of course, a circumstance to be considered by the jury, even on the inquiry of guilt vel non of manslaughter.—1 May. Dig. pp. 331, 332.

There is no error in the record, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, and MAYFIELD, JJ., concur.